[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Francisco R. Cosme appeals the decision of the defendant commissioner of motor vehicles suspending his motor vehicle operator's license. The commissioner acted pursuant to General Statutes § 14-227b on the basis that the plaintiff refused to submit to a test of the alcohol content of his blood after being arrested on a charge of operating a motor vehicle while under the influence of alcohol. The plaintiff appeals pursuant to § 4-183. The court finds the issues in favor of the plaintiff.
The facts essential to the court's decision are not in dispute and are fully reflected in the transcript of the administrative hearing and other evidence admitted at the hearing.
At the opening of the hearing, the hearing officer proffered several documents for admission as evidence. These included the report of the police officer who had arrested the plaintiff on the A-44 report form, a supplemental narrative report of that officer on separate pages, and a Wethersfield Police Department form entitled "Alcohol Influence Report." The plaintiff, through his attorney, objected to the narrative supplement and the Alcohol Influence Report. The hearing officer sustained his objection to the narrative supplement and overruled his objection to the alcohol report. Thus, the hearing commenced with the A-44 form and the Alcohol Influence Report in evidence.
The police officer who arrested the plaintiff and authored the reports had not been subpoenaed and was not present at the hearing. The plaintiff was present at the hearing and, after the hearing officer ruled on the admissibility of the various reports, he testified on direct and cross examination. Essentially, the plaintiff testified that his hearing is defective, that he didn't have his hearing aids at the time he was in custody, that his English is poor, and that he did not adequately understand what the police wanted. Specifically, he did not fully understand that the police wanted him to submit CT Page 6127 to a chemical test of the alcohol content of his blood, using the intoximeter breath testing device.
After she concluded her cross-examination of the plaintiff, the hearing officer announced that she would continue the hearing to another day in order to subpoena the police officer, stating that without that officer's testimony, she couldn't "make an intelligent decision as a factfinder." The plaintiff's attorney objected. The hearing officer repeated her decision to continue the hearing, stating that she needed the police officer's testimony in view of the plaintiff's testimony that he didn't hear the request that he submit to the test. The plaintiff again objected, the hearing officer overruled the objection and stated, "The hearing is concluded."
The hearing was not concluded, however. There ensued further colloquy between the hearing officer and the plaintiff's attorney, during which the latter renewed his objection to the continuance. The hearing officer again overruled it and again announced that "This hearing is adjourned and concluded."
Once more, however, the adjournment proved short-lived. The hearing officer reconvened the hearing. She stated that she had learned that the plaintiff's attorney would not waive the forty-five day time limit prescribed in § 14-227b for the rendering of a decision. Since there would be no waiver, however, she would not continue the hearing for the police officer's testimony. Instead, she said, she would reverse her earlier decision concerning the police officer's narrative report and admit it in evidence. The plaintiff's attorney then stated that the plaintiff had left the building after being told that the hearing was concluded and was no longer present. The attorney refused to waive the time limit on the plaintiff's behalf and objected again to the introduction of the narrative report. The hearing office nevertheless admitted that document in evidence.
After the events summarized above, there was no further evidence introduced at the hearing and it finally did conclude. Subsequently, the hearing officer rendered her final decision, finding the issues adversely to the plaintiff, including that he refused to be tested. CT Page 6128
The plaintiff advances three arguments in support of his appeal to this court: (1) that the hearing officer wrongfully admitted the narrative report in evidence; (2) that the reconvening of the hearing and admission of the documents in the plaintiff's absence violated his right to due process of law; and (3) that there was insufficient evidence to support the finding that the plaintiff refused to be tested. The plaintiff's due process argument is dispositive of the appeal.
"Hearings before administrative agencies, . . . although informal and conducted without regard to the strict rules of evidence, must be conducted so as not to violate the fundamental rules of natural justice." (Citations and internal quotation marks omitted). Huck v.Inland Wetlands Watercourses Agency, 203 Conn. 525, 536
(1987). "Due process of law requires . . . that at the hearing the parties involved have a right to produce relevant evidence, and an opportunity to know the facts on which the agency is asked to act, to cross-examine witnesses and to offer rebuttal evidence." Huck v. InlandWetlands Watercourses Agency, supra. See also General Statutes §§ 4-177c and 4-178.
In the present case, when the hearing officer introduced in evidence the narrative report of the police officer, the plaintiff was absent. Unquestionably, it was reasonable for him to be absent at that point; the hearing officer had twice stated that the hearing was concluded for the day. However, his absence made it impossible for him to read the report and testify in response to it. His earlier testimony had been given immediately after the hearing officer had ruled that the narrative report would not be admitted. He had no reason, therefore, to respond to it or even comment on it at that time. The result was that the hearing officer admitted the report and considered it in arriving at her decision without affording the plaintiff the opportunity to offer any evidence or testimony to rebut it. That was a violation of his due process rights. The court has examined the report; it is highly prejudicial to the plaintiff. For these reasons, the plaintiff is entitled to a new hearing and decision. CT Page 6129
Inasmuch as the department's hearing officer seemed ambivalent about the admissibility of the report if the police officer were present at the hearing and given her contradictory rulings, it would be premature for the court to rule on the plaintiff's claims in this regard at this point. The hearing officer should have the opportunity to rule on the admissibility of the report in the context of the hearing on remand.
The plaintiff's appeal is sustained and the case is remanded to the department for a new hearing consistent with this decision.
MALONEY, J.